IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

SENTRY SELECT INSURANCE COMPANY
1800 Northpoint Dr.
Stevens Point, Wisconsin 54481

   Plaintiff,

v.

FENTON NISSAN, INC.
700 S. George Nigh Expressway
McAlester, Oklahoma 74501-6714

FENTON MOTORS OF OKLAHOMA CITY, INC.
4810 NW 39th St.
Oklahoma City, Oklahoma 73122-2506

VIC WALKER
5225 Verde Valley Ln., Apt. 302
Dallas, Texas 75254-7971

MARK EXPOSITO
26949 N. 87th Lane
Peoria, Arizona 85383

BRAD FENTON
1704 Ford Dr.
Frisco, Texas 75034-2245

TRAVIS LANCE FENTON
8346 CR 1161
Tyler, Texas 75703-9020

ORRKLAHOMA EAST, LLC
5108 SE 15 Street
Del City, Oklahoma 73115-3902

ORRKLAHOMA WEST, LLC
8800 NW Expressway
Oklahoma City, Oklahoma 73162-6028

   Defendants.

Case No. CIV-21-43-PRW

1

## COMPLAINT FOR DECLARATORY JUDGMENT

The above-named Plaintiff, Sentry Select Insurance Company ("Sentry"), by and through its attorneys, Coffey Senger & Woodard, PLLC, and for its Complaint against the above-named Defendants, alleges and shows the Court as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction pursuant to 28 U.S. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

2. The Plaintiff, Sentry, is incorporated under the laws of the State of Wisconsin and has a principal place of business in the State of Wisconsin. Sentry issued an Auto Dealers Policy of insurance, Policy No. 2526939004, to first named insured Fenton Motor Group, Inc. located at 1 Cowboys Way, Ste. 575, Frisco, Texas 75034-2025 with a policy period of 10/1/2017 to 10/1/2018 (the "Sentry Policy") and also issued a Commercial Excess/Umbrella Liability Policy of insurance, Policy No. 2526939005, to first named insured Fenton Motor Group, Inc. for the policy period 10/1/2017 to 10/1/2018 (the "Sentry Umbrella Policy"). Certain of the named insureds under the Sentry Policy and the Sentry Umbrella Policy are located in and operate in the State of Oklahoma.

3. Defendant Fenton Nissan, Inc. is an Oklahoma corporation with a principal place of business at 700 S. George Nigh Expressway, McAlester, Oklahoma 74501-6714. Fenton Nissan, Inc.'s registered agent is John D. Robertson, 201 Robert S. Kerr Ave., Ste. 1600, Oklahoma City, Oklahoma 73102.

2

4. Defendant Fenton Motors of Oklahoma City, Inc. is an Oklahoma corporation with a principal place of business at 4810 NW 39th St., Oklahoma City, Oklahoma 73122-2506. Fenton Motors of Oklahoma City, Inc.'s registered agent is John D. Robertson, 201 Robert S. Kerr Ave., Ste. 1600, Oklahoma City, Oklahoma 73102.

5. On information and belief, Defendant Vic Walker is a citizen of the State of Texas, residing at 5225 Verde Valley Ln., Apt. 302, Dallas, Texas 75254-7971.

6. On information and belief, Defendant Mark Exposito is a citizen of the State of Arizona, residing at 26949 North 87th Lane, Peoria, Arizona, 85383.

7. On information and belief, Defendant Brad Fenton is a citizen of the State of Texas, residing at 1704 Ford Dr., Frisco, Texas 75034-2245.

8. On information and belief, Defendant Travis Lance Fenton (a/k/a Lance Fenton), is a citizen of the State of Texas, residing at 8346 CR 1161, Tyler, Texas 75703-9020.

9. Defendant Orrklahoma East, LLC is an Oklahoma limited liability company with a principal place of business located at 5108 SE 15 Street, Del City, Oklahoma 73115-3902. Counsel for Orrklahoma East has informed Sentry that the members of the LLC are not residents of Wisconsin.

10. Defendant Orrklahoma West, LLC is an Oklahoma limited liability company with a principal place of business located at 8800 NW Expressway, Oklahoma City, Oklahoma 73162-6028. Counsel for Orrklahoma West has informed Sentry that the members of the LLC are not residents of Wisconsin.

11. The amount in controversy exceeds $75,000.00, not including interest and costs to the Court, because in the underlying lawsuit upon which this action for declaratory judgment is based, *Orrklahoma East, LLC et al. v. Vic Walker et al.*, Oklahoma County, Oklahoma District Court Case No. CJ-2018-6801 ("Underlying Action"), the Plaintiffs claim the Defendants committed fraud and negligent misrepresentation, engaged in a civil conspiracy, and were unjustly enriched, and the allegations of the Petition in the Underlying Action ("Underlying Petition") show the Plaintiffs' alleged damages apparently total millions of dollars. Indeed, in discovery responses in the Underlying Action, the Plaintiffs assert their actual damages total $11,500,000.00. The Underlying Petition is attached hereto as **Exhibit 1** and is incorporated herein by reference. The policy limit of the insurance policy Sentry issued to first named insured Fenton Motor Group, Inc. is $500,000.00 each accident and the policy limit of the excess/umbrella insurance policy Sentry issued to first named insured Fenton Motor Group, Inc. is $20 million each occurrence and $60 million in the aggregate

12. Venue in the United States District Court for the Western District of Oklahoma, is proper because the events and actions giving rise to the Underlying Action—and, in turn, giving rise to a question of whether the policies of insurance Sentry issued to first named insured Fenton Motor Group, Inc. provide coverage for the claims asserted in the Underlying Action—took place in Oklahoma County, Oklahoma and were directed towards activities in Oklahoma County, Oklahoma.

## FACTUAL BACKGROUND

13. According to the Underlying Petition, the claims in the Underlying Petition arise from Orrklahoma East, LLC's purchase of Fenton Nissan, Inc. located at 5108 S.E. 15th St., Oklahoma City, Oklahoma 73115 and Orrklahoma West, LLC's purchase of Fenton Motors of Oklahoma City, Inc. located at 8800 N.W. Expressway, Oklahoma City, Oklahoma 73162.

14. The Underlying Petition alleges Orrklahoma East, LLC and Orrklahoma West, LLC learned in 2018 about the possibility of purchasing Fenton Nissan, Inc. and Fenton Motors of Oklahoma City, Inc., which were two Nissan auto dealerships.

15. The Underlying Petition alleges Fenton Nissan, Inc. and Fenton Motors of Oklahoma City, Inc. were both "controlled" by Fenton Motors Group, Inc.

16. The Underlying Petition alleges that on February 9, 2018, Travis Lance Fenton forwarded six sets of year-end financial statements encompassing years 2015, 2016, and 2017 to potential purchasers of Fenton Nissan, Inc. and Fenton Motors of Oklahoma City, Inc., and further alleges Travis Lance Fenton copied Brad Fenton, principal of Fenton Motors Group, Inc., on the communication. The Underlying Petition alleges these year-end financial statements were prepared by Fenton Motors Group, Inc.'s corporate controller, Vic Walker, and were originally prepared so that Nissan could evaluate the financial performance of Fenton Nissan, Inc. and Fenton Motors of Oklahoma City, Inc.

17. The Underlying Petition alleges Orrklahoma East, LLC and Orrklahoma West, LLC reviewed the financial statements and, based on those financial statements, decided to purchase Fenton Nissan, Inc. and Fenton Motors of Oklahoma City, Inc.

18. The Underlying Petition alleges that, on April 26, 2018, Orrklahoma East, LLC and Orrklahoma West, LLC entered into agreements to purchase Fenton Nissan, Inc. and Fenton Motors of Oklahoma City, Inc., respectively, and Brad Fenton signed both agreements.

19. The Underlying Petition alleges that, after purchasing the dealerships, Orrklahoma East, LLC and Orrklahoma West, LLC began to notice discrepancies in Fenton Nissan, Inc.'s and Fenton Motors of Oklahoma City, Inc.'s financial statements.

20. The Underlying Petition alleges the "Defendants" in the Underlying Action—which are comprised of Fenton Nissan, Inc.; Fenton Motors of Oklahoma City, Inc.; Vic Walker; Mark Exposito; Travis Lance Fenton; and Brad Fenton—"altered" the financial statements approximately every month for at least the three-year period for which financial statements were provided to Orrklahoma East, LLC and Orrklahoma West, LLC.

21. The Underlying Petition alleges the Defendants in the Underlying Action altered the financial statements in various ways to "hide actual expenses and increase the profit" and to "materially misrepresent the profit" of Fenton Nissan, Inc. and Fenton Motors of Oklahoma City, Inc., so that the financial performance of Fenton Nissan, Inc. and Fenton Motors of Oklahoma City, Inc. would "appear better on paper than it actually was."

22. The Underlying Petition alleges, in the first cause of action for fraud, that the Defendants in the Underlying Action "made material misrepresentations to [Orrklahoma East, LLC and Orrklahoma West, LLC] that were false by providing [Orrklahoma East, LLC and Orrklahoma West, LLC] with Financial Statements, which had been altered."

6

23. The Underlying Petition further alleges in the cause of action for fraud that the Defendants in the Underlying Action knew that the representations were false or, alternatively, they made representations to Orrklahoma East, LLC and Orrklahoma West, LLC "recklessly, without any knowledge of their truth and as a positive assertion"; that the Defendants in the Underlying Action intended for Orrklahoma East, LLC and Orrklahoma West, LLC to rely on the false representations in deciding whether to purchase the dealerships; and that Orrklahoma East, LLC and Orrklahoma West, LLC detrimentally relied on the misrepresentations.

24. The Underlying Petition alleges, in the second cause of action for negligent misrepresentation, that the Defendants in the Underlying Action "made misrepresentations to [Orrklahoma East, LLC and Orrklahoma West, LLC] in the course of their business or in a transaction in which [the] Defendants had an interest"; that the Defendants in the Underlying Action "supplied false information for the guidance of [Orrklahoma East, LLC and Orrklahoma West, LLC]"; that the Defendants in the Underlying Action knew or should have known that Orrklahoma East, LLC and Orrklahoma West, LLC would rely on the financial statements in making the decision of whether to purchase the dealerships; and that Orrklahoma East, LLC and Orrklahoma West, LLC sustained damages in paying for Fenton Nissan, Inc. and Fenton Motors of Oklahoma City, Inc. "based on false and/or inaccurate information in the Financial Statements."

25. The Underlying Petition further alleges, in the third cause of action for civil conspiracy, that the Defendants in the Underlying Action "were members of a combination of one or more other Defendants" who "worked together" to "commit fraud on"

Orrklahoma East, LLC and Orrklahoma West, LLC "by selling them [Fenton Nissan, Inc. and/or Fenton Motors of Oklahoma City, Inc.] using material misrepresentations in the Financial Statements."

26. The Underlying Petition further alleges as to the third cause of action that the Defendants in the Underlying Action "had a meeting of the minds on the object or course of action" and "cooperated with one another in creating the altered Financial Statements, in providing the altered financial statements to [Orrklahoma East, LLC and Orrklahoma West, LLC], and in selling" Fenton Nissan, Inc. and Fenton Motors of Oklahoma City, Inc. to Orrklahoma East, LLC and Orrklahoma West, LLC, respectively, "based on misrepresentations."

27. The Underlying Petition further alleges as to the third cause of action that the Defendants engaged in unlawful, overt action to further the conspiracy, including that Mark Exposito, Vic Walker, and Brad Fenton "participated in altering the Financial Statements which were relied on by" Orrklahoma East, LLC and Orrklahoma West, LLC, and that Travis Lance Fenton "supplied the altered Financial Statements for [Orrklahoma East, LLC and Orrklahoma West, LLC's] consideration in deciding whether" to purchase Fenton Nissan, Inc. and Fenton Motors of Oklahoma City, Inc.; that Orrklahoma East, LLC and Orrklahoma West, LLC purchased Fenton Nissan, Inc. and Fenton Motors of Oklahoma City, Inc., respectively, based on the financial statements the Defendants in the Underlying Action had altered; and that Orrklahoma East, LLC and Orrklahoma West, LLC suffered injury as a result of the wrongful acts of one or more of the Defendants in the Underlying Action.

28. The Underlying Petition alleges, in the fourth cause of action for unjust enrichment, that the Defendants in the Underlying Action "used altered financial statements to induce [Orrklahoma East, LLC and Orrklahoma West, LLC] into purchasing [Fenton Nissan, Inc. and Fenton Motors of Oklahoma City, Inc.] which resulted in a substantial windfall" for the Defendants in the Underlying Action and unjustly enriched them; and that it is "contrary to equity and good conscience" for the Defendants in the Underlying Action to "retain the benefit of their malfeasance."

29. Sentry issued the Sentry Policy to first named insured Fenton Motor Group, Inc. for the policy period 10/1/2017 to 10/1/2018 and issued the Sentry Umbrella Policy to first named insured Fenton Motor Group, Inc. for the policy period 10/1/2017 to 10/1/2018.

30. One or more of the Defendants in the Underlying Action tendered the Underlying Action to Sentry.

31. Sentry accepted defense of the Underlying Petition subject to a full and complete reservation of rights as to each Defendant in the Underlying Action.

32. Sentry denies it is obligated to defend or indemnify any of the Defendants in the Underlying Action for any of the claims asserted in the Underlying Petition.

33. There is an actual and justiciable case or controversy within the meaning of 12 Okla. Stat. §§ 1651-1657 and/or Tex. Civ. Prac. & Rem. Code § 37.004, whichever is applicable, between Sentry and the Defendants concerning whether the Sentry Policy and/or the Sentry Umbrella Policy provide(s) coverage for the claims asserted in the Underlying Petition, which case or controversy is ripe for determination by this Court.

## FIRST CAUSE OF ACTION FOR DECLARATORY JUDGMENT

34. Sentry realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

35. In order for there to be coverage under the Sentry Policy, there must be "bodily injury" or "property damage" caused by an "accident."

36. The Underlying Petition does not allege an "accident" within the meaning of the Sentry Policy.

37. The Underlying Petition does not allege "bodily injury" or "property damage" within the meaning of the Sentry Policy.

38. Because the Underlying Petition does not allege "bodily injury" or "property damage" and does not allege an "accident" within the meaning of the Sentry Policy, the Sentry Policy does not provide coverage for the claims asserted in the Underlying Petition.

## SECOND CAUSE OF ACTION FOR DECLARATORY JUDGMENT

39. Sentry realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

40. The Sentry Policy contains an exclusion for "bodily injury" or "property damage" "expected or intended from the standpoint of the 'insured'." Even if, *arguendo*, the Underlying Petition alleged "bodily injury" or "property damage" caused by an "accident," the Sentry Policy's Expected or Intended Injury Exclusion would exclude coverage for the claims asserted in the Underlying Petition.

## THIRD CAUSE OF ACTION FOR DECLARATORY JUDGMENT

41. Sentry realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

42. The Sentry Policy provides coverage only to "insureds" within the meaning of the Sentry Policy. Vic Walker, Mark Exposito, Brad Fenton, and Travis Lance Fenton qualify as an "insured" under the Sentry Policy only if they were acting in the course of duties as an executive officer or "employee" of one of the named insured entities in the Sentry Policy.

43. Vic Walker, Mark Exposito, Brad Fenton, and Travis Lance Fenton were not acting in the course of duties as an executive officer or "employee" of one of the named insured entities in the Sentry Policy when they engaged in the conduct alleged in the Underlying Petition. There is no coverage under the Sentry Policy for the claims asserted in the Underlying Action against Vic Walker, Mark Exposito, Brad Fenton, and Travis Lance Fenton for the additional, independent reason that they do not qualify as "insureds" under the Sentry Policy due to their alleged conduct in the Underlying Action.

## FOURTH CAUSE OF ACTION FOR DECLARATORY JUDGMENT

44. Sentry realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

45. Errors & Omissions Coverage under the Sentry Policy is limited to claims arising from: (1) violation of Truth-in-Lending or Truth-in-Leasing statutes; (2) negligent errors or omissions resulting from violation of laws related to odometer or hour meter readings or used car disclosure agreements; (3) negligent errors or omissions in the sale of

insurance; (4) negligent errors or omissions during title paper preparation; or (5) negligent errors or omissions arising from employee benefit administration. None of the allegations in the Underlying Petition falls within any Errors & Omissions insuring agreement and, accordingly, there is no Errors & Omissions coverage.

### FIFTH CAUSE OF ACTION FOR DECLARATORY JUDGMENT

46. Sentry realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

47. The Operations Defense Coverage in the Sentry Policy provides coverage only for claims made during the policy period. The Underlying Petition was filed after the expiration of the Sentry Policy and, therefore, there is no Operations Defense Coverage under the Sentry Policy for the claims asserted in the Underlying Petition.

### SIXTH CAUSE OF ACTION FOR DECLARATORY JUDGMENT

48. Sentry realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

49. Coverage under the Excess Coverage of the Sentry Umbrella Policy is excluded when "underlying insurance" does not apply. For all of the reasons set forth under the First through Fifth Causes of Action herein, "underlying insurance" does not apply and, therefore, there is no coverage under the Excess Coverage of the Sentry Umbrella Policy.

### SEVENTH CAUSE OF ACTION FOR DECLARATORY JUDGMENT

50. Sentry realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

51. The Excess Coverage of the Sentry Umbrella Policy provides coverage only for "bodily injury," "property damage," "personal and advertising injury," or an "error or omission" caused by an "occurrence" within the meaning of the Sentry Umbrella Policy. The Umbrella Coverage of the Sentry Umbrella Policy provides coverage only for "bodily injury" or "property damage" caused by an "occurrence."

52. The Underlying Petition does not allege "bodily injury," "property damage," "personal and advertising injury," or an "error or omission" within the meaning of the Umbrella and/or Excess Coverages of the Sentry Umbrella Policy.

53. The Underlying Petition does not allege an "occurrence" within the meaning of the Umbrella and/or Excess Coverages of the Sentry Umbrella Policy.

54. Because the Underlying Petition does not allege "bodily injury," "property damage," "personal and advertising injury," or an "error or omission" caused by an "occurrence" within the meaning of the Excess and/or Umbrella Coverages of the Sentry Umbrella Policy, the Sentry Umbrella Policy does not provide coverage for the claims asserted in the Underlying Petition for this additional, independent reason.

**EIGHTH CAUSE OF ACTION FOR DECLARATORY JUDGMENT**

55. Sentry realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

56. The Umbrella Coverage of the Sentry Umbrella Policy contains an exclusion for "bodily injury" or "property damage" "expected or intended from the standpoint of the 'insured'." Even if, *arguendo*, the Underlying Petition alleged "bodily injury" or "property damage" caused by an "occurrence," the Sentry Umbrella Policy's Expected or Intended

Injury Exclusion would exclude coverage for the claims asserted in the Underlying Petition.

### NINTH CAUSE OF ACTION FOR DECLARATORY JUDGMENT

57. Sentry realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

58. The Sentry Umbrella Policy's Umbrella and Excess Coverage apply only to "insureds" within the meaning of the Sentry Umbrella Policy. Vic Walker, Mark Exposito, Brad Fenton, and Travis Lance Fenton qualify as an "insured" under the Sentry Umbrella Policy only if they were acting in the course of duties as an executive office or "employee" of one of the named insured entities in the Sentry Umbrella Policy.

59. Vic Walker, Mark Exposito, Brad Fenton, and Travis Lance Fenton were not acting in the course of duties as an executive officer or "employee" of one of the named insured entities in the Sentry Umbrella Policy when they engaged in the conduct alleged in the Underlying Petition. There is no Umbrella and/or Excess Coverage under the Sentry Umbrella Policy for the claims asserted in the Underlying Action against Vic Walker, Mark Exposito, Brad Fenton, and Travis Lance Fenton for the additional, independent reason that they do not qualify as "insureds" under the Sentry Umbrella Policy due to their alleged conduct in the Underlying Action.

### TENTH CAUSE OF ACTION FOR DECLARATORY JUDGMENT

60. Sentry realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

61. The Underlying Petition seeks exemplary or punitive damages.

14

62. The Sentry Policy, the Sentry Umbrella Policy, and applicable Texas or Oklahoma law preclude coverage for any award of exemplary or punitive damages.

**WHEREFORE**, Sentry requests the Court enter a judgment declaring and ordering as follows:

A. For a declaration pursuant to 12 Okla. Stat. §§ 1651-1657 and/or Tex. Civ. Prac. & Rem. Code § 37.004, whichever is applicable, that there is no coverage under the Sentry Policy or the Sentry Umbrella Policy for the claims asserted in the Underlying Petition and/or the Underlying Action, therefore, Sentry does not have a duty to defend or indemnify any of the Underlying Defendants with respect to the claims asserted in the Underlying Petition;

B. For reimbursement of defense costs incurred by Sentry in relation to the Underlying Action;

C. For its costs, disbursements, and fees associated with this action as provided by law; and

D. For such other relief as the Court deems just and equitable.

SENTRY DEMANDS A TRIAL BY A TWELVE PERSON JURY ON ALL ISSUES SO TRIABLE.

Dated this 19th day of January, 2021.

Respectfully submitted,

/s/ John R. Woodard, III
John R. Woodard, III, OBA No. 9853
Coffey Senger & Woodard, PLLC
4725 East 91st Street, Suite 100
Tulsa, OK 74137
918.292.8787
918.292-8788 – Fax
john@cswlawgroup.com
*Attorney for Plaintiff*

35712336_1